IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNIVERSAL TURBINE PARTS,    )
INC.,                       )
                            )
    Plaintiff,              )
                            )
WHITNEY NATIONAL BANK,      )
                            )
    Plaintiff-Intervenor,   )
                            )   CIVIL ACTION NO.
    v.                      )     2:08cv975-MHT
                            )
PUTNAM COUNTY NATIONAL      )
BANK,                       )
                            )
    Defendant.              )
```

OPINION AND ORDER

In this lawsuit, based on diversity-of-citizenship jurisdiction, 28 U.S.C. § 1332, defendant Putnam County National Bank and plaintiff Universal Turbine Parts dispute ownership of two airplane engines currently located in New York and the subject of a state-court lawsuit there. The bank currently has possession of these engines, and Universal Turbine has moved the court for a preliminary injunction ordering the bank to (1)

relinquish all control over and immediately return the two airplane engines and (2) take no action adverse to Universal Turbine's rights in the engines, including flying or moving the aircraft on which the engines are installed.  Oral argument was held on this motion on January 15, 2009, and the matter is now before the court. The motion will be denied.

A party seeking a preliminary injunction must satisfy a four-part test showing: (1) that it has a substantial likelihood of success on the merits; (2) that it would be irreparably harmed if an injunction were not granted; (3) that such harm outweighs the harm that would accrue to the opposing party if the injunction were granted; and (4) that the injunction would not be adverse to the public interest.  Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four

prerequisites." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam).

A showing of irreparable injury is "the sine qua non of injunctive relief." Northeastern Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Frejlach v. Butler, 573 F.2d 1026, 1027 (8th Cir. 1978)). "[E]ven if plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." Siegel, 234 F.3d at 1176.

The irreparable injury asserted must be neither remote nor speculative, but actual and imminent. Id. Most notably, the harm must be of a kind that cannot be remedied by monetary damages. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable

harm." United States v. Jefferson County, 720 F.2d 1511, 1520 (11th Cir. 1983).  "An injury is irreparable only if it cannot be undone through monetary remedies." Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991).

In this case, Universal Turbine has offered only one brief paragraph in support of its argument that it will be irreparably harmed if the court denies the injunction. Universal Turbine argues that, "Aircraft, by their nature are readily movable, and engines may be quickly removed and placed on other aircraft," therefore, it "will obviously be irreparably harmed if Putnam were to sell or otherwise relocate the aircraft upon which the engines are installed."  Pl's M. Prelim. Inj. at 8.  Universal Turbine continues that "the Engines might suffer irreparable damage from lack of preservation and servicing if they are not returned."  Id.  At oral argument, Universal Turbine made substantially the same arguments.

4

These arguments do not present a valid claim for injunctive relief. There is no reason to believe (or evidence suggesting) that the bank plans to damage or devalue the engines. The bank has the same interest as Universal Turbine in preserving the engines and their value. Universal Turbine has argued that, because it deals in turbine parts and the bank is merely a bank, it is necessarily going to take better care of the engines. However, Universal Turbine has submitted no evidence to this effect.

In addition, Universal Turbine has made no argument as to why monetary damages would not suffice in this case. Universal Turbine has already monetized the value of the engines by requesting that the bank either turn over the engines or buy them for $ 250,000, and the bill of sale submitted into evidence lists the engines' sale price as $ 250,000. The court is convinced, and so finds from the submitted evidence, that, at bottom, all

5

Universal Turbine wants with the engines is to sell them and get its money.

Because Universal Turbine has not presented any evidence that the bank will not properly care for the engines and because it has not shown why monetary damages would not suffice in this case, Universal Turbine has failed to establish irreparable harm, a necessary ground for granting a preliminary injunction.

                                              \*\*\*


Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Universal Turbine Parts's motion for preliminary injunction (Doc. No. 2) is denied.

DONE, this the 16th day of January, 2009.

                             /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE